## Wiggins Ferry Co. v. Joseph I. Gardner.

1. LIMITATIONS—*In Case of Non-suit.*—Section 2 of the act to amend the act in relation to limitations, approved April 11, 1873 (Hurd's R. S. 1899, page 1120), giving to a plaintiff who has suffered non-suit, one year after, in which to commence a new action, gives that right only in cases where the time limited for bringing such action has expired during the pendency of the suit in which he has been non-suited, and if at the time of the non-suit there remains any portion of the time limited for bringing such action the provisions of the act do not apply.

Trespass on the Case, for personal injuries. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

Wiggins Ferry Co. v. Gardner.

CHARLES W. THOMAS, attorney for appellant.

F. C. SMITH and M. MILLARD, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case in the City Court of East St. Louis, by appellee against appellant to recover for personal injury. Trial by jury. Verdict in favor of appellee for $8,000. Remittitur of $3,000. Judgment on the verdict for $5,000, with costs.

Appellee was employed by appellant to work about a pile driver which was being operated by appellant, and while engaged in such service received an injury whereby his right hand was crushed and mangled so that amputation became necessary.

This suit to recover for such injury was commenced on the 18th day of February, 1899, by filing a præcipe for summons, and was followed up by filing the declaration on February 24, 1899.

Appellant pleaded the general issue, and also a plea properly setting up the statute of limitations as a bar to the action. To the plea of limitation appellee replied:

"That on the 13th day of July, 1897, the plaintiff commenced his suit in the city court on the same cause of action mentioned in the declaration in this case, and that such proceedings were had in said court that on the 13th day of August, 1897, at a term of the said court then being held, the plaintiff was ruled to file a cost bond on the motion of the defendant by the 20th day of September, 1897, and that the suit was then continued; that upon the 13th day of December, 1897, at a term of the said court then being held, said suit was continued by consent; that upon the 11th day of March, 1898, at a term of the said court then being held, leave was given the defendant to withdraw its demurrer and file the general issue, and the cause was then continued; and that upon the 31st day of October, 1898, at a term of the said court then being held, it was ordered that the said suit be dismissed for want of a cost bond in compliance with the said rule; whereby plaintiff became entitled to commence an action within one year from the time he was so non-suited and his suit dismissed."

To this replication appellant filed a general demurrer, which was overruled by the court.

Section 14 of the statute of limitations provides:

" Actions for damages for an injury to the person    *    * shall be commenced within two years next after the cause of action accrued."

And section 25 provides:

" In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal, or if a verdict pass for the plaintiff, and upon matters alleged in arrest of judgment, the judgment be given against the plaintiff, or, if the plaintiff be non-suited, then, if the time limit for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

This statute, giving to a plaintiff who has suffered non-suit one year after he has been non-suited in which to commence a new action, gives that right only in cases where the time limited for bringing such action has expired " during the pendency " of the suit in which such plaintiff was non-suited. If at the time of the non-suit there remained unexpired any portion of the time limited for bringing such action, then the provisions of this statute do not apply.

Appellee's replication does not state when the cause of action did in fact accrue, nor does it aver that the time limited for bringing such action expired during the pendency of his former suit. The trial court erred in overruling appellant's demurrer to the replication.

In the first and second instructions given by the trial court at the instance of appellee, the whole case is made to turn upon whether the jury believed from the evidence that appellant's foreman gave " a negligent command " or " a negligent order." While the command of a foreman, if in fact negligent when considered in connection with all the facts and circumstances, need not be specially charged as such, yet in order to properly determine whether it is in fact negligent, it must be considered with reference to all

the facts and circumstances averred and proved. These instructions do not limit the declaration, nor make any reference to the conditions charged in the declaration. They in no way connect the "a negligent command," nor the "a negligent order" mentioned, with any breach of duty charged in the declaration.

It is contended that the second and fifth of this series of instructions invade the province of the jury, but when considered in the light of the evidence, as it now appears in this record, we are of opinion, this contention is not well founded.

The judgment of the City Court of East St. Louis is reversed and the cause remanded.