### HERRON v. MILLER, Rec., M., O. & G. RY. CO.

No. 14490—Opinion Filed Nov. 6, 1923.

(Syllabus.)

**Limitation of Actions—Time for Second Action—Construction of Statute.**

Section 190, Comp. Stat. 1921, providing that where an action which has been commenced within due time fails otherwise than on its merits a new action may be commenced within one year after such failure, refers to actions which have been commenced within this state within due time and have failed otherwise than upon the merits, but the statute has no application, to actions which have been commenced within other states and have failed otherwise than upon the merits.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by Sarah M. Herron against Arthur Miller, receiver of Missouri, O. & G. Ry. Company. Judgment for plaintiff, and from order granting new trial plaintiff brings error. Affirmed.

Relsa F. Morley, H. L. Shannon, Lee & Kinney, and Pearl D. Decker, for plaintiff in error.

John E. M. Taylor, and A. Scott Thompson, for defendant in error.

COCHRAN, J. This action was commenced by the plaintiff in error against the defendant in error for the recovery of damages for personal injuries sustained by the plaintiff in error on November 28, 1916. The parties will hereinafter be referred to as they appeared in the trial court .

The defendant contended that the action was barred by the statutes of limitations, and this question was presented by a general demurrer and by answer. The case

was submitted to the jury and a verdict returned for the plaintiff, but the trial court sustained a motion for a new trial on the ground that the action was barred by the statute of limitation, and this appeal presents only the question as to whether the action was barred by the statute of limitations.

The plaintiff admitted that the action was brought more than two years after the injury was received, but contended that within the statutory period an action had been commenced by her in the circuit court of Jasper county, Mo., and was thereafter, in January, 1919, dismissed on the motion of the defendant, and that the merits of said cause of action were not adjudicated and determined in said suit, and that this action was commenced within one year after the dismissal of the cause in Missouri. The plaintiff contends that the action is not barred by the statute of limitations by reason of section 190, Comp. Stat. 1921, which provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive his representatives, may commence a new action within one year after the reversal or failure."

The defendant contends that this statute has no application where the previous suit was filed in a court of another state, but only applies to suits which have been commenced in a court of competent jurisdiction within the state of Oklahoma and have failed otherwise than upon the merits. The plaintiff contends that if an action is commenced within due time in any court of competent jurisdiction, whether in the state or out of the state, and fails otherwise than upon the merits, the plaintiff has one year thereafter within which to file his cause in this state. In several instances it has been held that this statute applies where actions have been commenced in state courts and have failed otherwise than on the merits and thereafter, within the statutory period, a new suit was commenced in the federal court of the same state. These decisions are based upon the theory that the state courts and the federal courts have concurrent jurisdiction over certain classes of cases and section 914, U. S. Rev. Stat., which provides:

"The practice, pleadings, form and modes of proceedings in civil causes other than equity and admiralty causes, in the circuit and district courts, shall conform as near

as may be to the practice, pleadings and forms and modes of proceedings existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rules of the court to the contrary notwithstanding"

—and section 721, U. S. Rev. Stat., which provides:

"The laws of the several states, except where the Constitution, treaties, or statutes of the United States, otherwise require, provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

In Kansas City Southern Railway Co. v. Atkin (Ark.) 210 S. W. 350, the court said:

'The language of the statute is exceedingly comprehensive. There are no restrictions to causes of action begun in the state courts. There is nothing to indicate a purpose to so confine it. The language is broad enough, and was doubtless so intended, to cover any action in any court having jurisdiction within the state."

It has been held that the commencement of a suit in one state does not suspend the statute of limitation of another state against an action for the same demand brought in such state in the following cases: DeLaplaine v. Crownenshille, 7 Fed. Case No. 3756; Conrad v. Buck, 21 W. Va. 404; Northern Pacific Lumber Company v. Lang (Ore.) 42 Pac. 799. The statutes of limitation of the various states have no extra-judicial effect and apply only to actions commenced within the state. To express it differently, in determining whether the statute of limitations has run, the law of the forum is the applicable law. Sections 182 and 183, Comp. Stat. 1921, prescribing the period within which civil actions shall be commenced, refer only to the commencement of actions within this state, and section 187, Comp. Stat. 1921, prescribes how such actions shall be deemed commenced. Then section 190, Comp. Stat. 1921, provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representative, may commence a new action within one year after the reversal or failure."

This section refers to actions which have been commenced within this state as provided by section 187, supra, and it is essential that an action should have been commenced within due time within this state and that the action should have failed oth-

ewise than upon its merits. When these conditions have been met, a new action may be brought within one year after the failure, but the statute has no application to actions which may have been commenced within other states and have failed otherwise than upon the merits.

The plaintiff contends that the cause of action is not barred by the statute of limitations because subdivision 2 of section 185, Comp. Stat. 1921, which authorizes an action upon a contract, express or implied, not in writing, to be brought within three years, is the applicable statute instead of subdivision 3 of section 185, Comp. Stat. 1921, which provides that actions for injuries to the rights of another not arising on contract shall be brought within two years.

Plaintiff in her petition alleged that the defendant was operating a railroad as a common carrier for passengers for hire and that the plaintiff was a passenger on one of defendant's passenger trains, and as such passenger paid her fare and was entitled to transportation over said road to her place of destination; that it was the duty of the defendant to well and safely carry and transport plaintiff and deposit her in safety at her destination; but that the defendants, in violation of their contract with plaintiff as such passenger, failed to carry the plaintiff safely and to deposit her in safety at her destination, but carelessly and negligently conducted themselves, so that the car in which the plaintiff was riding was caused to collide with another of defendants' trains, and that, by reason of the collision, the car in which plaintiff was riding was wrecked, and the plaintiff, without fault upon her part, was by said carelessness, negligence, and want of care of defendants, their agents, servants, and employes in charge of said railroad trains, seriously and permanently injured; that said collision and the wrecking of said train and coach in which plaintiff was riding and plaintiff's injuries were caused by reason of the carelessness and negligence of the defendants, their agents, servants, and employes, and, by reason of the injuries and as a direct result of the negligence and carelessness of the defendants, the plaintiff was damaged in the sum of $25,000.

It is plaintiff's contention that she had a choice of remedies and that she might sue either on the contract for transportation or in tort for the breach of duty imposed by law, and that the petition filed in this case, construed as a whole, shows that the cause of action was for a breach of contract of transportation and not for damages for tort. It appears very clear to us that the petition of the plaintiff states a cause of action for tort and not for breach of contract of transportation, and, further, that the case was tried on that theory before the trial court. The contract of transportation was mentioned in the petition, but simply as an inducement for the action and as showing that the plaintiff was rightfully upon a train at the time of the injury; but the action itself and the damages which plaintiff sought to recover were based not upon breach of contract of transportation, but upon the negligent disregard of the duty which the defendant owed to the plaintiff. In Ft. Smith & Western R. Co. v. Ford, 34 Okla. 575, 126 Pac. 745, the court said:

"The character of an action as to whether it is ex delicto or ex contractu must be determined by the nature of the grievance, rather than the form of the petition, and, in a suit against a common carrier for a breach of duty in failing to put a passenger off at the proper station, the courts are inclined to consider the action as founded in tort, unless a special contract very clearly appears to be made the gravamen of the complaint."

In the body of the opinion, the court said:

"Hence, when the facts are plainly and distinctly stated, the action will be regarded as either in tort or contract, having regard first, to the character of the remedy such facts indicate; and, second, to the most complete and ample redress which upon the facts stated the law affords."

In the instant case, the character of the remedy clearly indicates the intention of the pleader to recover for the tort, and a more complete and ample redress upon the facts stated is afforded by the law in an action for damages for tort because under the provisions of section 5976, Comp. Stat. 1921, in an action for breach of contract no damages can be recovered which are not clearly ascertainable in both their nature and origin, whereas under section 5996, Comp. Stat. 1921, in an action for breach of obligation not arising from contract, the plaintiff is entitled to recover such amount as will compensate for all detriment proximately caused by the breach, and the last section does not contain the limitation that the damages must be clearly ascertainable in both their nature and origin. The courts have uniformly held petitions similar to the one under consideration here to state an action on tort and not an action on contract, and it is not necessary to refer to any considerable number of these cases. The rule

applied im determining the character of the petition is well stated in the following cases: Canaday v. St. L. U. R. Co. (Mo.) 114 S. W. 88; P. C. C. & St. L. Ry. Co. v. Higgs (Ind.) 76 N. E. 299, 4 L. R. A. (N. S.) 1081; Basler v. Sacramento, etc., Ry. Co. (Cal.) 134 Pac. 993; Harding v. Liberty Hospital Corp. (Cal.) 171 Pac. 98; Atlantic & Pacific R. Co. v. Laird. 164 U. S. 393, 41 L. Ed. 485.

We are of the opinion that the cause of action stated in plaintiff's petition was for a breach of obligation not arising from contract, and subdivision 3, section 185, Comp. Stat. 1921, limits the time within which the action can be brought to two years.

For the reasons stated, the judgment of the trial court is affirmed.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.