No. 24,939.

E. D. JACKSON, *Appellant,* v. THE PRAIRIE OIL & GAS COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Action Begun—Failure Otherwise Than on Its Merits —Statute Construed.* Under section 22 of the code (R. S. 60-311), the right to bring the new action is given only in cases where the time limited for bringing such an action has expired during the pendency of the suit which failed otherwise than on the merits, and if, at the time of such failure, there remains any portion of the time limited for bringing such action, the provisions of this section do not apply.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed February 9, 1924. Affirmed.

*W. N. Banks, O. L. O'Brien, Walter L. McVey, Jay W. Scovel,* all of Independence, and *Seth V. Conrad,* of Marshfield, Mo., for the appellant.

*T. J. Flannelly,* and *Paul B. Mason,* both of Independence, for the appellee.

Jackson v. Oil & Gas Co.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injury. A demurrer was sustained to plaintiff's petition and he has appealed.

The injury for which the action was brought was sustained September 4, 1919. In March, 1920, plaintiff filed an action for damages in the district court of Creek county, Oklahoma. Service was obtained upon the defendant and the action was removed to the district court of the United States for the eastern district of Oklahoma and was there dismissed by plaintiff May 20, 1921. Later, plaintiff filed an action in the district court of Montgomery county, Kansas, against the same defendant for the same injury, and summons was isused February 8, 1922. Defendant demurred to this petition for the reason, first, that it did not state facts sufficient to constitute a cause of action, and, second, that it showed upon its face that the action was barred by the statute of limitations. The court sustained the demurrer. Appellee contends that the ruling of the court was justified upon each of the grounds of the demurrer, but it is necessary for us to examine only the second one.

This being an action for damages for personal injury, it is conceded that the two-year statute of limitations applies. (R. S. 60-306, 3d clause.) The injury having occurred September 4, 1919, and this action having been commenced February 8, 1922, the action is barred unless, because of the action filed in Oklahoma, the plaintiff can avail himself of section 22 of our code, which reads as follows:

"If any action be commenced within due time and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action, otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure." (R. S. 60-311.)

Appellee contends that the provisions of this section of our statute do not apply in this case, because the regular two-year statute of limitations had not expired at the time the action in Oklahoma was dismissed. That action was dismissed May 20, 1921, and the two years given by the statute of this state in which to bring such an action did not expire until September 4, 1921, hence the plaintiff had more than three months after the dismissal of the action in Oklahoma to file an action in this state within the regular two-year statute of limitations.

In *Denton v. Atchison*, 76 Kan. 89, 91, 90 Pac. 764, construing the above statute, it was said:

"In effect the section provides that any action commenced before the statute of limitations has run and disposed of otherwise than upon the merits after the statute has run may be brought anew within one year after such disposition. . . . The general periods of limitation are not changed by this provision, but it is intended to give a party who within the proper time brought an action which was disposed of otherwise than upon the merits after the statute of limitations had run a year of grace in which to reinstate his case and obtain a determination upon the merits. It is a substitute for the common-law rule of 'journeys account,' in which a plaintiff whose writ was abated for some matter of form which did not go to the merits might have a new writ within a reasonable time, computed by the number of days which the plaintiff must spend in journeying to reach the court. Under the rule of our statute, if the dismissal occurs after the time limit has expired the plaintiff has one year from that dismissal to bring a new action. To get the benefit of this extension two things are essential; First, the action must have been commenced within due time; and, second, there must have been a failure otherwise than upon the merits after the general limitation of time had expired."

In *O'Neil v. Eppler*, 99 Kan. 493, 495, 162 Pac. 311, the court quotes approvingly from *Denton v. Atchison*, supra, as follows:

" 'To get the benefit of this extension two things are essential: First, the action must have been commenced within due time; and, second, there must have been a failure otherwise than upon the merits after the general limitation of time had expired.' "

In *Kansas City Hydraulic P. B. Co. v. National Surety Co.*, 167 Fed. 496, considering our statute of limitations, it was said:

"Article 3 of the Kansas Code of Civil Procedure was taken almost literally from the original New York Code of Procedure of 1848. it contains a general scheme of limitations for all the ordinary civil actions. In New York, however, it was intended to fit into an immense body of statutory laws, the accumulation of half a century, among which were many specific limitations for particular actions. The same situation was true in a less degree in Kansas when the Code of Civil Procedure was adopted there. Section 4443 [R. S. 60-303] was designed to meet this condition. It simply ordains that, when a particular period is fixed by an independent statute for the bringing of a specific action, that period shall control rather than the period specified in the general scheme contained in article 3. It deals exclusively with the period of limitation. At the end of that article, however, are found seven sections which do not deal with the period of limitation, but with general subjects applicable to all limitations of actions. In the New York Code they are set off in a separate chapter headed 'General Provisions as to Time of Commencing Actions.' They involve such matters as concealment of the defendant or his absence from the state, disabilities, judicial restraints, reversal of judgments on appeal or dismissal otherwise than on the merits, part payment or other

acknowledgments of liability, and when actions shall be deemed to be commenced. Most of these provisions have been a part of the law of the limitation of actions from the very inception of that law."

In 25 Cyc. 1314, in discussing the purpose of the section of our statute under consideration, it is said:

"This exception or proviso of the general statute of limitations is intended to reach all those cases where a suit is brought, and the merits of the action fail to be tried without the fault of plaintiff, and the period of limitations becomes complete during the pendency of the suit."

In *Rogers v. Fidelty Savings Bank & Loan Co.*, 172 Fed. 735, it was held:

"Kirby's Dig. Ark., § 5083, providing that if an action shall be commenced, and plaintiff suffer a nonsuit, he may commence a new action within a year . . . was not intended to and did not purport to shorten the general statute of limitations, but was a saving clause to prevent a bar that had already run when the nonsuit was suffered." (Syl. ¶ 3. Citing *Coffin v. Cottle*, 16 Pick. [Mass.] 383.)

In *Kline v. Groeschner*, 280 Mo. 599, it was held that the statute was a mere saving statute and will not operate to bar plaintiff's action to quiet title which was not otherwise barred because defendant had voluntarily dismissed a previous action more than a year previous, and quotes from *Meriwether v. Overly*, 228 Mo. 218, 231: " 'It doesn't purport to limit the time of bringing suits, but to save from the statute, for one year after nonsuit, actions which, but for its provisions, would be barred.' "

In *Grimes v. Andrews*, 170 N. C. 515, it was said:

"The provision as to bringing a new action within one year after a nonsuit or dismissal, reversal, or other termination of the first suit, as prescribed in the statute, refers only to those cases where the statute of limitations is applicable, and would bar, but for this clause, which, if complied with, saves the cause of action." (p. 522.)

In *Karnes v. Ins. Co.*, 144 Mo. 413, it was held:

"A plaintiff, having suffered a nonsuit, may begin another action at any time within the period fixed by the general statute of limitations, and is not limited to one year from the date of nonsuit. Section 6784, Revised Statutes 1889, was not intended, and does not purport, to shorten the time given by other provisions of the limitation act, within which suits may be brought, but is a saving clause to prevent the bar which could otherwise be invoked." (Syl. ¶ 4.)

In *Wiggins Ferry Co. v. Gardner*, 91 Ill. App. 20, it was held that the statute "giving to a plaintiff who has suffered nonsuit, one year after in which to commence a new action, gives that right only in

cases where the time limited for bringing such action has expired during the pendency of the suit in which he has been nonsuited, and if at the time of the nonsuit there remains any portion of the time limited for bringing such action the provisions of the act do not apply." This was a damage suit to which the two-year statute applied.

In *English v. T. H. Rogers Lumber Co.*, 68 Okla. 238, construing a statute identical with section 22 of our code, it was held that the statute "applies only when the party would otherwise be barred of his right of action from the lapse of time prescribed by the statute of limitations relating to the cause of action." And the court further held:

"The statute of limitations, fixing the time within which an action must be brought, is not changed by section 4662, unless the failure otherwise than upon the merits occur after the time limited by statute shall have expired. When the failure occurs before the expiration of the statutory period, the statute has no application." (Syl.)

There is no need to apply this statute when the second action is within the original period of limitations. (*Douglass v. Loftus, Adm'x*, 85 Kan. 720, 734, 119 Pac. 74.) It does not apply where plaintiff in the first suit had no right of action, though he acquired one after the dismissal. (*Smith v. Comm'rs of Bourbon Co.*, 43 Kan. 619, 23 Pac. 642.) Nor where there was no valid service in the first action. (*Vann v. Railway Co.*, 110 Kan. 799, 205 Pac. 607.) It should not be used to reduce the period of the regular statute of limitations applicable to the case, though the first action fail otherwise than upon its merits more than a year before the time for bringing action under such statute expired. In short, there is no need to apply the statute unless the conditions defined by the statute exist.

Appellant cites and relies upon *Knox v. Henry*, 8 Kan. App. 313. This case is followed in *Swift v. Hoblawetz*, 10 Kan. App. 48, and this case is specifically disapproved and its authority denied in *Rodman v. Railway Co.*, 65 Kan. 645, 655, 70 Pac. 642. The only authority cited in the Knox case is *Executors of Bates, dec'd, v. Sandusky, Dayton and Cin. R. R. Co.*, 12 Ohio St. 620, which in turn cites no authority and which is said to be distinguished, but is in effect disapproved, in *Siegfried v. Railroad Company*, 50 Ohio St. 294, 297. The cases relied upon misconstrue the purpose, as well as the language, of the statute under consideration and are disapproved.

Appellee further contends that section 22 of our code does not apply when the former action is brought in another state. This point appears to be well taken (*Herron v. Miller,* 220 Pac. 36 [Okla.]), though in view of the conclusion already reached, it is not necessary to pass upon it.

The judgment of the court below is affirmed.