EDWARD V. McGOVERN, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, February 26, 1937.

*Isaac N. Jacobson* of counsel [*Jacobson, O'Neil & Baum*, attorneys], for the appellant.

*Alvin McKinley Sylvester* of counsel [*Paxton Blair* and *Oren Clive Herwitz* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

TOWNLEY, J.   This is an action for breach of contract involving plumbing work done at Riker's Island Penitentiary.   On March 5, 1934, the architects in charge of the work certified to the commissioner of correction that the work was incomplete, unreasonably delayed, and was not progressing according to contract.   On March 14, 1934, the commissioner of correction notified the contractor to discontinue the work.   The contract provides: " No action shall lie or be maintained by the Contractor against the City upon any claim arising out of or based upon this contract or by reason of any act or omission or requirement of the City or the Architect unless such action shall be commenced within one year after the date of filing in the office of the Comptroller of the City of New York, the final certificate set forth in article XXXVII hereof, or, if this contract is terminated or declared abandoned by the City, such action is commenced by the Contractor within *six months* after the date of such termination or declaration of abandonment by the City."   (Italics ours.)

Under the contract the time to begin suit was before September 15, 1934.   An action was begun September 14, 1934.

Section 261 of the Greater New York Charter provides that " No action   *   *   *   shall be prosecuted or maintained against the City of New York, unless it shall appear by and as an allegation in the complaint   *   *   *   that at least thirty days have elapsed since the demand, claim or claims upon which such action   *   *   * is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

In this case the claim was filed with the comptroller of the city of New York on September 12, 1934.

The suit thus begun was dismissed as prematurely brought, December 2, 1935. This order and judgment was affirmed and the order of the Court of Appeals was entered July 8, 1936. (*McGovern* v. *City of New York*, 160 Misc. 714; affd., 247 App. Div. 775; affd., 272 N. Y. 455.)

The present action was begun July 14, 1936. Defendant moved to dismiss it on the ground that it did not accrue within six months next preceding July 14, 1936. Plaintiff claims his action was timely brought and relies on section 23 of the Civil Practice Act, which provides as follows: " If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination."

The justice at Special Term and the respondent on this appeal claim that an action which is prematurely brought is not brought " within the time limited therefor " as specified in section 23 of the Civil Practice Act.

The question presented involves a construction of the words of section 23 of the Civil Practice Act, " if an action is commenced within the time limited therefor." This section is a part of an article of the Civil Practice Act relating in general to limitations of time. The words " within the time limited therefor " clearly relate only to the limitations contained in the article of which this section is a part. An action which is prematurely brought because of a failure to comply with other statutory conditions is nevertheless brought " within the time limited therefor " if it is brought within the time limited by the general provisions of the Civil Practice Act.

Substantially the same point here raised was decided in the case of *Bellinger* v. *German Insurance Co.* (51 Misc. 463; affd. on opinion below, 113 App. Div. 917; affd., 189 N. Y. 533.) That was an action to set aside an appraisal on the ground of fraud and to recover on the policy of fire insurance. On the trial plaintiff was unable to establish the fraud, but was allowed to recover the amount of his loss under the policy. On the appeal the judgment was reversed and a new trial ordered on the ground that the action as an action on the policy had been prematurely brought (95 App. Div. 262). The policy contained a provision that the loss became payable sixty days after receipt of the certificate of the appraiser. The action was commenced before that period had expired. On the new trial plaintiff was obligated to consent that the complaint be

dismissed but not on the merits. The plaintiff then brought a new action on the policy to recover the damages resulting from the fire. The defendant then pleaded another clause of the policy which required that any action must be brought within twelve months from the date of the loss. The new action had been brought considerably after that time. It was held that the section of the Code of Civil Procedure which corresponds with the present section 23 of the Civil Practice Act permitted the second action to be brought at any time within one year after the determination of the first.

The facts in the *Bellinger* case cannot be distinguished on any substantial ground from those set out in the case at bar. We, therefore, conclude that on both principle and precedent, the order must be reversed.

The order and judgment should be reversed, with costs, and the motion denied, with ten dollars costs.

MARTIN, P. J., McAVOY, O'MALLEY and COHN, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motion denied, with ten dollars costs.