Order denying motion to dismiss the complaint reversed on the law, without costs, and the motion granted, without costs. The complaint contains two causes of action, the first for damages for wrongful death, the second for damages for personal injuries suffered by plaintiff’s intestate prior to his death. The first cause of action is deemed not to have been included within the complaint because of the determination in Matter of Mulligan v. County of Westchester {ante, p. 927), decided herewith. The notice of claim was served on appellant on December 31, 1946. The summons and complaint were served on February 18, 1947. The applicable statutes (County Law, §§ 6, 6-a) provide that no action shall be commenced against appellant until the expiration of three months after service of the notice of claim. A complaint served before that time must be dismissed. {McGovern V. City of New York, 272 N. Y. 455.) This three-month period is not part of the time limited for the commencement of the action since its commencement is stayed by statutory prohibition. (Civ. Prac. Act, § 24; Amex Asphalt Corp. v. City of New York, 288 N. Y. 721.) The contention that the action was not commenced within the time limited therefor (L. 1931, ch. 561) is without merit. (Civ. Prac. Act, § 20.) Upon the dismissal of this complaint, respondent may commence a new action within the time limited therefor. (Civ. Prac. Act, *930 § 23; McGovern V. City of New 7orle, 250 App. Div. 102.) Hagarty, Acting P. J., Carswell, Adel, Nolan and Sneed, JJ., concur. [See post, p. 1023.]