## RILEY v. UNION PAC. R. CO.
### Civ. No. 3199.

United States District Court
D. Wyoming.
Jan. 9, 1950.

392

William H. DeParcq and Robert Martineau, of Chicago, Ill., and Vincent Mulvaney of Cheyenne, Wyo., for plaintiff.

R. B. Hamer, of Omaha, Neb., and John U. Loomis and Edward T. Lazear, of Cheyenne, Wyo., for defendant.

KENNEDY, District Judge.

The above entitled cause is before the Court upon a motion to dismiss interposed by the defendant. The relief sought under the motion to dismiss arises out of the following circumstances:

The complaint in this court is based upon a claim for damages for injuries alleged to have been sustained on account of an accident occurring on the platform of defendant's passenger station in Green River, Wyoming, on July 2, 1944. It is further alleged that the plaintiff started a suit upon the same cause of action against the defendant in a state court of the state of Illinois within the four year period of limitation under the laws of the state of Wyoming, W.C.S.1945, § 3-506, which case was thereafter removed by the defendant to the Federal Court of the state of Illinois, to which cause of action the defendant moved to dismiss upon the ground that the action was not brought within the two year period of limitation in the state of Illinois, Ill.Rev.Stat.1947, c. 83, § 15, and the motion to dismiss was thereupon sustained. The plaintiff then pleads that section of the Wyoming Compiled Statutes of 1945, Sec. 3-521, which reads as follows: "Saving of action once commenced.—If in an action commenced in due time, a judgment for the plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has at the date of such reversal or failure expired, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after such date, and this provision shall apply to any claim asserted in any pleading by a defendant."

It is also alleged that the failure of plaintiff in the Illinois action was otherwise than upon the merits, and that at the time of such failure the four year period of limitations in Wyoming had expired.

By the aforesaid pleading the plaintiff has clearly attempted to justify her position in bringing the instant action by affirmatively asserting that it comes within the scope and purview of the section of the Wyoming statute above set forth. The point for decision here is whether or not the statute of limitations of Illinois conclusively governed the cause of action and the subsequent dismissal, or whether on account of the fact that the Illinois action was disposed of otherwise upon the merits, the Wyoming statute should be held to apply and the action in Wyoming having been brought within one year after the

Illinois action failed, for the reasons stated, this action is freed from the limitation. First in sequence, it developed upon the argument of the motion to dismiss that the Illinois judgment against plaintiff had been appealed to the Circuit Court of Appeals and the decision and judgment of the trial court had been affirmed in the case of Riley v. Union Pacific R. Co., 7 Cir., 177 F.2d 673. In that case, in opinion by Circuit Judge Kerner, appear the following lines at page 675: "The Illinois statute of limitations requires 'actions for damages for an injury to the person,' to be 'commenced within two years next after the cause of action accrued.' Plaintiff, injured on July 2, 1944, commenced her suit on June 22, 1948, which was more than two years after her cause of action accrued; nevertheless she contends that since the case was commenced in the Illinois state court before the proceeding was barred by the Wyoming statute, the court erred in dismissing her complaint. With this contention we cannot agree, and it will be enough to say that there is abundant authority for the proposition that federal courts sitting in Illinois will not grant relief in a diversity case where the action could not be maintained in the state court because barred by the state statute of limitations. Klaxon v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L. Ed. 2079, 160 A.L.R. 1231; and Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 607, 67 S.Ct. 1355, 91 L.Ed. 1687, 173 A.L.R. 1107. And since the statute of limitations of the state of Illinois and not the statute of Wyoming governs and controls this case, Haefer v. Herndon, D.C., 22 F.Supp. 523; Horan v. New Home Sewing Machine Co., 289 Ill.App. 340, 7 N.E.2d 401; Karnes v. Keck, D.C., 11 F.Supp. 577; and Carpenter v. Rohm & Haas Co., Inc., D.C., 75 F.Supp. 732, affirmed 3 Cir., 170 F.2d 146, the judgment of the District Court must be affirmed."

In that opinion it is made clear that the statute of limitations of Wyoming in actions of the nature here involved, does not apply to actions in the State of Illinois, with a lesser period of limitation. In fact, it has been repeatedly held that a statute of limitations is the rule of the forum of the state in which the case is being maintained.

Also, in the Illinois suit, it appeared that the plaintiff, when confronted with the situation that the suit was barred by the statute of limitations of Illinois, moved the court to transfer the case to the United States District Court of Wyoming, where the four year statute of limitations would apply, under Sec. 28 U.S.C.A. § 1406(a). This motion the Illinois court also denied, upon the ground that such section applied only to cases in which a venue was laid in a wrong division or district. Basis for the ruling of the court in refusing to make the transfer is that the case in Illinois was laid in the proper venue, as that court had jurisdiction the same as a Wyoming court would have had if it had been there first filed, and as a consequence Sec. 1406(a) did not apply. With the foregoing decision of the 7th Circuit, this court finds itself in harmony.

The pertinent and decisive point to be considered here seems to be whether or not Sec. 3-521 can be invoked for the purpose of extending the Statute of Limitations of Wyoming as against the same cause of action which has failed, otherwise than on the merits, in the courts of another state and jurisdiction. Unfortunately, perhaps, the Supreme Court of Wyoming has apparently not ruled this point. In the only case cited by counsel, Columbia Savings & Loan Ass'n v. Clause, 13 Wyo. 166, 78 P. 708, and Clause v. Columbia Savings & Loan Ass'n, 16 Wyo. 450, 95 P. 54, the statute was applied to a second suit brought in the courts of Wyoming, so that the situation was not considered or discussed as to what effect the statute would have as to a first suit brought in another state.

In Herron v. Miller, 96 Okl. 59, 220 P. 36, it was definitely ruled that a statute almost identical with the Wyoming statute did not apply to cases brought in other states. The ruling is definitely set out in paragraph 1 of the Syllabus (by the Court),

in the following language, 220 P. at page 36: "Section 190, Comp.St.1921 [12 O.S. 1941 § 100], providing that, where an action which has been commenced within due time fails otherwise than on its merits, a new action may be commenced within one year after such failure, refers to actions which have been commenced within this state within due time, and have failed otherwise than upon the merits; but the statute has no application to actions which have been commenced within other states and have failed otherwise than upon the merits."

Other cases in point are Overfield v. Pennroad Corp., 3 Cir., 146 F.2d 889; Allen v. Garnett, 10 Cir., 100 F.2d 555; Jackson v. Prairie Oil & Gas Co., 115 Kan. 386, 222 P. 1114. The Herron case is recognized as a proper disposition of the controversy by a ruling of the Tenth Circuit in Tuckman's Estate v. Estate of Cottle, 175 F.2d 775, in which it is stated that the case is affirmed on the authority of the Herron case, without written opinion.

In 54 C.J.S., Limitations of Actions, § 288(c), page 353, the general rule is stated in the following language: "A statute permitting a new action to be instituted after failure of the original action has been held inapplicable where the original action was instituted in another state. The statute has been held not to apply to an action first commenced in another state. Within the state, however, the second action need not be instituted in the same court."

In view of the announced general rule, supported by many court decisions, it would seem a little presumptuous for the court to assume that the Wyoming Supreme Court would construe the Wyoming statute otherwise. Its decision, however, can only ultimately be determined when the point is presented to that tribunal.

One remaining point suggested by defendant's brief is as to whether or not a motion to dismiss is available in the case at bar. This appears to be definitely settled in the 10th Circuit by Gossard v. Gossard, 149 F.2d 111, where the facts appear on the face of the pleadings, as here, the ruling of the court being concisely stated in

syllabus No. 6, as follows: "Under federal rule, for purpose of testing sufficiency of pleading, averments of time and place are material, and where complaint shows on its face that action is barred by statute of limitations, the defense can be raised by motion to dismiss. Federal Rules of Civil Procedure, rule 9(f), 28 U.S.C.A. following section 723c." See also Brictson v. Woodrough, 8 Cir., 164 F.2d 107.

As to the cases cited by plaintiff, they are not persuasive here as to the point raised by defendant, for the reason that they involve cases arising in the same state, with the possible exception of Sokolec v. Southern Railway Co., 14 Ohio Supp. 44, 28 O.O. 446, a decision by a Common Pleas Court, which from the reading of the opinion, appears to be based upon a special statute not pertinent here.

For the reasons stated, the motion to dismiss should be sustained and the clerk will enter an order accordingly, with a judgment dismissing the plaintiff's cause of action, with costs to defendant.