### RILEY v. UNION PAC. R. CO.
### No. 4050.

United States Court of Appeals
Tenth Circuit.

June 14, 1950.

---

**3.** Wicker v. Board of Public Instruction of Dade County, 159 Fla. 480, 31 So.2d 635.

766

Donald T. Barbeau, Minneapolis, Minn. (Vincent Mulvaney, Cheyenne, Wyo., and William H. DeParq, Minneapolis, Minn., were on the brief), for appellant.

Robert B. Hamer, Omaha, Neb. (John U. Loomis and Edward T. Lazear, Cheyenne, Wyo., were on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

On January 25, 1949, Riley brought this action against the Union Pacific Railroad Company[1] to recover damages for personal injuries resulting from an accident which occurred on July 2, 1944, at Green River, Wyoming, which she alleged was caused by the negligence of the Railroad Company while she was a passenger on one of its trains.

The trial court dismissed the action D.C., 88 F.Supp. 391, on the ground that it was barred by § 3-506, Wyoming Compiled Statutes Annotated, 1945, under which an action for personal injuries must be commenced within four years after the cause of action accrues.

On June 22, 1948, Riley commenced an action against the Railroad Company upon the same cause of action in the Superior Court of Cook County, Illinois. That action was duly removed on the ground of diversity of citizenship to the United States District Court for the Northern District of Illinois, Eastern Division. The Railroad Company filed a motion to dismiss that action upon the ground that it was barred by the Illinois statute of limitations, Chapter 83 § 15, Ill.Rev.St.1947, which provides that an action for personal injuries must be commenced within two years after the cause of action accrues.

After the filing of such motion to dismiss, Riley filed a motion to transfer the cause to the United States District Court for the District of Wyoming under 28 U.S.C.A. § 1406(a). The Illinois Federal District Court denied the latter motion and dismissed the action on the ground that it was barred by the Illinois statute of limitations. On appeal that judgment was affirmed. See Riley v. Union Pacific R. Co., 7 Cir., 177 F.2d 673. Riley sought review of the judgment of affirmance by petition for certiorari. The Supreme Court denied her petition on January 9, 1950. 338 U.S. 911, 70 S.Ct. 350.

Section 3-521, Wyoming Compiled Statutes Annotated, 1945, in part provides: "If in an action commenced in due time, a judgment for the plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has at the date of such reversal or failure expired, the plaintiff * * * may commence a new action within one year after such date, * * *."

The question presented is whether the Illinois action came within the purview of § 3-521, supra.

The Wyoming Supreme Court has not passed on the question. Oklahoma and Kansas have statutes which are substantially identical with § 3-521, supra. In Herron v. Miller, 96 Okl. 59, 220 P. 36, the court held that the Oklahoma statute does not apply to a prior action commenced in another state, and in Jackson v. Prairie Oil & Gas Co., 115 Kan. 386, 222 P. 1114, 1116, the court said: "Appellee further contends that section 22 of our Code does not apply when the former action is brought in another state. This point appears to be well taken (Herron v. Miller, [96 Okl. 59], 220

---

1. Hereinafter called the Railroad Company.

P. 36), though, in view of the conclusion already reached, it is not necessary to pass upon it."

We hold that § 3-521 does not apply to actions brought in a state other than Wyoming.

Moreover, § 3-521, supra, applies only where the first action was commenced in due time. Under the controlling Illinois statute, the Illinois action was not brought in due time.

Affirmed.