LILLIAN C. BAKER, Respondent, *v.* COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.

Fourth Department, March 13, 1957.

*Eugene P. Hubbard* and *Moses G. Hubbard* for appellant.

*Harry Aarons* for respondent.

KIMBALL, J. The plaintiff brought this action on May 9, 1955 to recover upon a contract of accident insurance as death beneficiary thereof. The accident alleged to have caused the death of the insured occurred on November 16, 1953 in Dade County, State of Florida. The policy provided that an action to recover for loss of life, limb or sight had to be commenced within 12 months from the date of the accident causing that loss. The Special Term denied the defendant's motion for summary judgment. Although the time limited by the contract to commence the action had expired, that court held that the cause of action was saved by reason of the provisions of section 23 of the Civil Practice Act; that the plaintiff had, theretofore and within the contractual limitation of time, commenced an action in the United States District Court for the Southern District of Florida for the same cause and that that action was terminated in a manner other than by a voluntary discontinuance, by dismissal of complaint for neglect to prosecute or a final judgment upon the merits. The motion papers include the proceedings had in the Federal court in Florida. This appeal presents the question as to the applicability of section 23 of the Civil Practice Act where the prior action is one brought in a foreign State, as well as the question as to whether, in this case, any action was commenced in the United States District Court in Florida.

It is our opinion that the prior action which could save the cause of action pursuant to said section 23 is an action commenced in the State of New York and that an action brought in either a State or Federal court in a State other than New York does not save the cause of action by permitting a new action in this State within one year after the termination of the prior action. The provisions of section 13 of the Civil Practice Act do not here apply since the limitation of time is contractual and not statutory. As to the limitation of the action, the law of the forum, i.e., New York, must therefore govern. Limitations of actions are matters within the concern of the forum. Commencement of suit in another State will not toll or otherwise affect the provisions for limitation of actions in the State of the forum (*Overfield v. Pennroad Corp.*, 146 F. 2d 889). It follows therefore that, assuming an action was commenced in the United States District Court in Florida where the cause of action arose within the contractual time limit, still that does not make available to the plaintiff the saving statute of New York. (Civ. Prac. Act, § 23.) This seems to be the rule in other jurisdictions where the question has arisen. (*Herron v. Miller,* 96 Okla. 59; *Morris v. Wise,* 293 P. 2d 547 [Okla.]; *Matter of Tuckman v. Cottle,* 175 F. 2d 775; *Jackson v. Prairie Oil & Gas Co.,* 115

Kan. 386; *Riley* v. *Union Pacific R. R. Co.*, 88 F. Supp. 391, affd. 182 F. 2d 765; *Sorensen* v. *Overland Corp.*, 142 F. Supp. 354.)

We pass then to the second question which is whether any action was commenced in the Federal court. The Special Term, relying principally upon the case of *Gaines* v. *City of New York* (215 N. Y. 533), held that an action was commenced. We conclude that no action was commenced in Florida and that the *Gaines* case is not in point. The defendant was a nonresident of Florida, being a New York corporation. The plaintiff sought to commence the action by service of process upon the Insurance Commissioner of Florida pursuant to the Florida Unauthorized Insurers Process Law (Florida Stat., § 625.28). Section 625.30 of the act sets forth certain acts which, if performed by an unauthorized insurer, will constitute the Insurance Commissioner the attorney of the insurer upon whom "lawful process" may be served in an action arising out of the insurance contract. The defendant duly moved to quash the service of summons. The District Judge granted the motion. In his decision, he stated: " The motion to quash Service was heard on March 29, 1955. Following the opinion in *Parmalee* v. *Commercial Travelers Mutual,* 206 Fed. 2d 523, the service on the Insurance Commissioner of this State by virtue of the authority of the Florida Unauthorized Insurors Process Act, F. S. A. 625.28 was not sufficient to subject this Defendant to the process of the Court in this cause. The insured was not a resident of Florida at the time of the application and issuance of the policy in controversy, and there had been no communications or transactions by way of payment of premiums or otherwise between the insured Baker, and the defendant during the short period of time the insured had resided in Florida prior to his death."

It cannot be doubted that in quashing service, the court found and held that since the defendant had performed none of the acts set out in the Florida statute, it could not be held to have constituted the Insurance Commissioner its attorney to receive service of process. Inasmuch as the commissioner never was constituted such attorney pursuant to the provisions of the act, it follows that delivery to him of process was a nullity so far as subjecting the nonresident defendant to the process of the court. In other words, the defendant was never served with process in the Florida action. When an action is deemed to be commenced within the meaning of article 2 of the Civil Practice Act (Limitations of Time), is stated in section 16 of the article which provides that the action is commenced when summons is served upon a defendant. The service must be legal service. Where attempted service is quashed as being void and not

sanctioned by law, then there has been no service. (*Erickson* v. *Macy,* 236 N. Y. 412; *Knox* v. *Beckford,* 167 Misc. 200, affd. 258 App. Div. 823, affd. 285 N. Y. 762; *Smalley* v. *Hutcheon,* 296 N. Y. 68.) In *Gaines* v. *City of New York* (215 N. Y. 533, *supra*) there was no question as to the service of process. The case proceeded to trial in the usual course and the complaint was dismissed for lack of jurisdiction. As Judge CARDOZO pointed out (pp. 540–541): ''A suitor who invokes in good faith the aid of a court of justice and who initiates a proceeding by the service of process, must be held to have commenced an action within the meaning of this statute, though he has mistaken his forum.'' No question was involved in that case as to the validity of the service of process. The quashing of service of process is something different from dismissal of a complaint. In the latter case, an action has been commenced and an adjudication had. In the former case, there is no action commenced at all for the reason that no legal service of process has been made.

There is a further reason why no action was commenced in Florida. The Federal court mentioned the fact that the affidavit of compliance required by the Florida Act (Florida Stat., § 625.30, subd. 2) was not filed within the time prescribed. It appears from the affidavit of compliance executed by the plaintiff's Florida attorney that the statute was not complied with in other respects. Said subdivision 2 of section 625.30 requires that service of process shall be made by delivering to and leaving with the Insurance Commissioner two copies thereof and payment of the fees prescribed by law. The affidavit of compliance merely states that the attorney ''served'' two copies of the '' complaint '' upon the commissioner. It does not appear how such service was made and there is no showing that '' process.'' was served at all. The affidavit sets out that the affiant forwarded a copy of the '' complaint '' to the defendant's office in Utica, New York. The statute requires that the commissioner mail to the nonresident insurer one of the copies of the process. The statute further provides that '' service of process is sufficient '' provided notice of such service and a copy of the process are sent within 10 days by registered mail by plaintiff or his attorney to the defendant. The affidavit fails to show compliance with such requirement.

Neither at Special Term nor on this appeal has either party referred to rule 3 of the Rules of Civil Procedure which provides that in a district court, an action is commenced by the filing of the complaint in the office of the clerk. To what extent an action is so commenced seems to be somewhat unsettled. Service of process within a reasonable time is apparently a

requisite of the effective commencement of an action. (See *Messenger* v. *United States,* 14 F. R. D. 515, affd. 231 F. 2d 328.) In any event, we conclude that the method provided in this State is here controlling and that under article 2 of the Civil Practice Act, it is the service of summons which commences the action (see *Sauerzopf* v. *North Amer. Cement Corp.,* 301 N. Y. 158).

The order and judgment should be reversed and the defendant's motion granted.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Order and judgment reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs.