Edward F. ABELE
v.
A. L. DOUGHERTY OVERSEAS, INC.
Civ. No. 2619.

United States District Court
N. D. Indiana,
Hammond Division.
April 6, 1961.

G. Edward McHie, Hammond, Ind., Pugh, Knapp & Miller, Zanesville, Ohio, for plaintiff.

Nich Stepanovich, East Chicago, Ind., for defendant.

SWYGERT, Chief Judge.

On October 31, 1956 the plaintiff, an Ohio resident, entered into a contract with the defendant at the defendant's New York office. Under the terms of this contract the plaintiff was hired as a superintendent for a construction project which the defendant had undertaken in Cambodia.

The plaintiff went to work in November, 1956 at this job and remained in Cambodia until January 1957. He then returned to the United States and took his wife back to Cambodia with him. He continued in the employment of the defendant until April 23, 1957, when his job was terminated. The plaintiff alleges that at the time of his discharge he was told that he was being discharged for failure to follow the orders of the management. In fact, however, plaintiff claims that he had followed the orders of the management and that the real reason for his discharge was that he had discovered extensive payroll padding on the job and had refused to keep these facts secret.

Following his discharge plaintiff filed a written demand for payment because of the alleged wrongful discharge on May 31, 1957. On May 26, 1958 he then filed suit in the United States District Court for the Southern District of Ohio. That suit set forth the identical claim which is presented in the instant case. On January 13, 1959 the court rendered a memorandum decision and on February 2, 1959 entered an order dismissing the complaint without prejudice and without any adjudication on the merits. The present action was filed in this court on June 18, 1959.

On this state of facts the defendant moves for a summary judgment. Essentially the argument is that under the contract of employment the employer was entitled to discharge the plaintiff and, even if there remains an issue as to this, that the present action is barred by a limitation on suits contained within the employment contract.

 Under the applicable Indiana conflict of laws rule the provisions of this contract must be construed in the light of New York contract rules. Smith v. Commercial Travelers Mut. Acc. Ass'n of America, 7 Cir., 1946, 158 F.2d 65. While the provisions of the present contract do give the employer wide latitude in dealing with the employment relationship, nonetheless, under New York law, he must act in good faith. Doll v. Noble, 1889, 116 N.Y. 230, 22 N.E. 406, 5 L.R.A. 554; Smith v. Robson, 1896, 148 N.Y. 252, 42 N.E. 677. The pleadings in this case have clearly put the good faith of the defendant at issue.

The second ground for defendant's motion causes considerably more difficulty. Section XI of the contract provides:

"The employee agrees that he will, within (60) sixty days after any claim * * * arises out of or in connection with the employment provided for herein, give notice to the employer of such claim * * * and that he will not institute any suit or action against the employer in any court or tribunal in any jurisdiction based on any such claim * * * later than two years after such filing."

Admittedly the present action was filed in this court more than two years after the plaintiff filed his initial claim with the defendant. However, the plaintiff argues that the Indiana Journey's Account statute protects him. This statute reads:

"If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated." Burns' Ind.Stats.Anno. § 2–608.

 While Indiana has never passed on the question the more recent view seems to be that a Journey's Account statute will provide relief against the running of a contractually imposed limitation as well as against the running of a statute of limitations. Hoagland v. Railway Express Co., Fla.1954, 75 So.2d 822; McGovern v. City of New York, 1937, 250 App.Div. 102, 293 N.Y.S. 833; Greulich v. Monnin, 1943, 142 Ohio St. 113, 50 N.E. 2d 310, 149 A.L.R. 477.

 The defendant urges, however, that the plaintiff cannot avail himself of this statute since at the time the cause was dismissed in Ohio, he still had several months in which he could file suit before the two-year limitation came into effect. However, the case of Jackson v. Prairie Oil & Gas Co., 1924, 115 Kan. 386, 222 P. 1114, cited by the defendant would not govern the present case since the statute there involved conditioned the right to refile the suit on the statute of limitations having expired before the first suit was dismissed. Since the Indiana statute contains no such provision, the

proper result would seem to be to hold a person whose suit is dismissed on a technical ground is entitled to the full benefit of the saving statute. Indeed this seems to represent the majority position on this question. See Annotation, "Time for New Action," 83 A.L.R. 478 at page 486 (1933).

■ The final point argued by the defendant is that the filing of suit in another state will not suffice to bring the plaintiff within the protection of the Indiana statute. This position is supported by a number of cases. Herron v. Miller, 1923, 96 Okl. 59, 220 P. 36; Morris v. Wise, Okl.1955, 293 P.2d 547, 55 A.L.R. 2d 1033; Baker v. Commercial Travelers Mut. Acc. Ass'n, 1957, 3 A.D.2d 265, 161 N.Y.S.2d 332; Riley v. Union Pac. R. Co., 10 Cir., 1950, 182 F.2d 766; Sorensen v. Overland Corp., D.C.Del.1956, 142 F. Supp. 354; Sigler v. Youngblood Truck Lines, D.C.E.D.Tenn.1957, 149 F.Supp. 61; C. & L. Rural Electric Co-op. Corp. v. Kincade, D.C.N.D.Miss.1959, 175 F. Supp. 223. However, there are several cases which reach an opposite result. See McCrary v. United States Fidelity & Guaranty Co., D.C.W.D.S.C.1953, 110 F. Supp. 545; Caldwell v. Harding, C.C.D. Mass.1869, 4 Fed.Cas. page 1036, No. 2,302.

In view of this conflict and since Indiana has never passed on this question it is necessary to look to the background and purpose of this statute.

"This statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgement on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." Gaines v. City of New York, 1915, 215 N.Y. 533, 109 N.E. 594, at page 596, L.R.A.1917C, 203.

This same spirit of liberality has marked the decisions of Indiana which have construed their Journey's Account statute. See McKinney v. Springer, 1851, 3 Ind. 59 where the Supreme Court refused to restrict the operation of this statute to actions commenced at law declaring that such a construction would "greatly cripple the effect of the proviso and would defeat in great measure, the object the legislature seems to have had in view * * *" Id., at page 63.

■■ It should also be noted that in other contexts the courts of Indiana must often look to and give effect to judgments of sister states. Judgments of sister states will be given full, faith and credit in Indiana, even in instances where a judgment could not have been obtained in Indiana because of the public policy of Indiana. Barber Co. v. Hughes, 1945, 223 Ind. 570, 63 N.E.2d 417. Similarly foreign judgments may be set up as res judicata in an action in this state. Lieb v. Lichtenstein, 1890, 121 Ind. 483, 23 N.E. 284.

Furthermore, acceptance of the defendant's authorities would produce an incongruous result in this case. By virtue of the Ohio Journey's Account statute plaintiff would have been permitted to refile his suit in Ohio. Greulich v. Monnin, supra, or had he filed his first action in Indiana he would (as pointed out above) have been permitted to institute the present action. Yet, if we were to follow defendant's cases, by crossing the state line plaintiff would lose the protection of both statutes.

Therefore, in view of the liberal construction which Indiana has placed on this statute the only proper result would seem to be to hold that the Indiana Journey's Account statute applies to the present case. Accordingly, the motion for summary judgment should be denied.