**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANK PASCARELLI,

    Plaintiff - Appellant,

v.

MARRIOTT INTERNATIONAL, INC.;
JAMES P. KOEHLER, individually, d/b/a
TKO, d/b/a Courtyard Casper; TKO
MASTER MANAGEMENT, LLC; TKO
OFFICE REAL ESTATE, LLC; TKO
PROPERTY MANAGEMENT, LLC;
CASPER HOSPITALITY, LLC,

    Defendants - Appellees.

No. 20-8004
(D.C. No. 2:19-CV-00127-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.
_____

Plaintiff Frank Pascarelli appeals from the order of the United States District Court

for the District of Wyoming granting judgment on the pleadings in favor of Defendants

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

because his claims were barred by Wyoming's applicable statute of limitations. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Pascarelli alleges that in April 2012 he was bitten by bed bugs during his stay at a Courtyard Marriott hotel in Casper, Wyoming, and suffered severe medical consequences. In March 2014, Mr. Pascarelli and his wife filed a claim for negligence in Georgia state court against Defendants, who allegedly owned, operated, or managed the hotel. In April 2017 the Georgia state court dismissed all defendants except Marriott for lack of personal jurisdiction. The dismissal was affirmed on interlocutory appeal in June 2018, and the Pascarellis voluntarily dismissed their Georgia action in April 2019. Two months later Mr. Pascarelli filed his present suit against Defendants for negligence and breach of implied warranty in Wyoming federal court.

We review de novo the district court's judgment on the pleadings. *See Leiser v. Moore*, 903 F.3d 1137, 1139 (10th Cir. 2018).

It is undisputed that Wyoming's four-year statute of limitations applies to Mr. Pascarelli's claims. Thus, his claims are untimely on their face. His sole response to the limitations bar is to argue that he can benefit from Wyoming's saving statute, Wyo. Stat. Ann. § 1-3-118 (West 2019),[1] which allows a plaintiff to revive a claim that was

---

[1] The statute provides in full:

> If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year

2

originally filed in a timely fashion but failed on a ground other than the merits, so long as the new claim is filed within one year. Long ago, however, this court held that the Wyoming saving statute "does not apply to actions brought in a state other than Wyoming." *Riley v. Union Pac. R.R. Co.*, 182 F.2d 765, 767 (10th Cir. 1950). Mr. Pascarelli's Georgia litigation therefore cannot save his claims. He correctly points out that this court held in *Prince v. Leesona Corp., Inc.*, 720 F.2d 1166, 1168–69 (10th Cir. 1983), that the Kansas saving statute applies to actions originally brought in foreign states. But that opinion did not purport to change our interpretation of Wyoming law in *Riley*.

Mr. Pascarelli argues that *Riley* should now be overturned. That course, however, is beyond this panel's authority. "Following the doctrine of *stare decisis*, one panel of this court must follow a prior panel's interpretation of state law, absent a supervening declaration to the contrary by that state's courts or an intervening change in the state's law." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1231 (10th Cir. 2000). It is undisputed that the Wyoming Supreme Court has never addressed the issue before us, and Mr. Pascarelli identifies no substantive change in the Wyoming saving statute since we decided *Riley*. (The statute was amended in 1977, but the only changes were stylistic.)

---

after the date of the failure or reversal. This provision also applies to any claim asserted in any pleading by a defendant.

Wyo. Stat. Ann. § 1-3-118 (West 2019).

3

We **AFFIRM** the district court's judgment.

Entered for the Court


Harris L Hartz
Circuit Judge