CHARLES W. PARTRICK and GRACE PARTRICK, his wife, complainants-respondents,

*v.*

WILLIAM F. GROVES, defendant-appellant.

[Argued October 19th, 1933. Decided January 5th, 1934.]

*Mr. William R. Wilson,* for the appellant.

*Mr. Louis C. Lehmann, Jr.,* for the respondents.

The opinion of the court was delivered by

HEHER, J.

Appellant complains of an order ˙restraining him from setting up the statute of limitations as a defense to an action at law, instituted against him by respondents, to recover moneys of respondents fraudulently appropriated by˙ appellant to his own use. Appellant, an attorney-at-law, converted moneys turned over to him by respondents for the payment of installments on the principal of a mortgage covering a property owned by the latter. These payments by respondents to appellant covered the period beginning July, 1922, and ending June 30th, 1927. Respondents did not learn of appellant's unlawful appropriation of the moneys until May, 1930. Thereafter, and until the final hearing in a suit to foreclose the mortgage, appellant insisted that he was author-

ized by the mortgagee to receive these moneys on his behalf. At the final hearing this asserted agency was repudiated by appellant, and shortly thereafter, on August 1st, 1932, respondents instituted the action at law.

Appellant maintains that there was no jurisdiction in equity for the making of the order complained of. This contention is without merit. The gravamen of the bill of complaint was that appellant's fraudulent conduct in appropriating the moneys to his own use, and in concealing the unlawful conversion of the moneys, was followed by a fraudulent representation, persisted in until final hearing of the foreclosure suit, that he was the duly authorized agent of the mortgagee for the collection of these moneys. Appellant's fraudulent conduct caused respondents to subject their claim to the bar of the statute of limitations, and equity will not permit him to hold the advantage thus obtained. This is a firmly established rule. In *Howard* v. *West Jersey, &c., Railroad Co., 102 N. J. Eq. 517, 520; affirmed, 104 N. J. Eq. 201,* Vice-Chancellor Leaming, in applying the apposite rule, said: "It must be recognized that the statute of limitations is for the benefit of individuals and not to secure general objects of policy; hence, it may be waived by express contract or by necessary implication, or its benefits may be lost by conduct invoking the established principles of *estoppel in pais. Freeman* v. *Conover, 95 N. J. Law 89.* Also, it should be noted that while the doctrine of *estoppel in pais* rests upon the ground of fraud, it is not essential that the representations or conduct giving rise to its application should be fraudulent in the strictly legal significance of that term, or with intent to mislead or deceive; the test appears to be whether in all the circumstances of the case conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct; whether the author of a proximate cause may justly repudiate its natural and reasonably anticipated effect; fraud, in the sense of a court of equity, properly including all acts, omissions and concealments which involve a breach of legal or equitable duty, trust or confidence, justly reposed, and are

injurious to another, or by which an undue and unconscientious advantage is taken of another."

Courts of equity ordinarily act in obedience and in analogy to the statute of limitations, but they will not allow the bar of that statute to prevail where it would further manifest injustice. *Lincoln v. Judd, 49 N. J. Eq. 387.* In equity the period of limitation begins to run only from the discovery of the fraud by the injured party, or until he was in a situation where, by the exercise of reasonable diligence, he would have discovered the fraud. *Lincoln v. Judd, supra; Todd v. Rafferty's Admrs., 30 N. J. Eq. 254, 258; Somerset County Bank v. Veghte, 42 N. J. Eq. 39, 41; Vane v. Vane (L. R.) 8 Ch. 383, 398; Rolfe v. Gregory, 4 De G., J. & S. 576, 579; Sherwood v. Sutton, 5 Mass. 143, Fed. Cas. No. 12, 782; Dodge v. Essex Insurance Co., 78 Mass. 65.* The bar of the statute is raised when the plaintiff has elected to allow it to be created, and the defendant has elected to invoke its benefits. When the defendant not only has elected to set up the statute, but has also previously, by deception or by any violation of duty toward the plaintiff, caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which equity will not allow him to hold. It is a matter of no importance that the advantage which he has wrongfully secured is based upon this sort of a statute which, at any time, he is permitted to waive. *Clark v. Augustine, 62 N. J. Eq. 689, 694.*

Appellant, by his fraudulent conduct, was responsible for respondents' delay in prosecuting their action. He is thereby estopped from setting up the statute as a defense. He will not be permitted to take advantage of his own wrong. Equity will interfere, although the cause of action may not have arisen out of a technically fraudulent act, if the defendant has employed any means to mislead the plaintiff, or to hide from him the fact that a cause of action has arisen. *Holloway v. Appelget, 55 N. J. Eq. 583.* In exercising its jurisdiction to grant reliefs which are purely equitable, and therefore exclusive, the power of equity knows no limit. The court can always shape its remedy so as to meet the demands of jus-

tice in every case, however peculiar. *2 Pom. Eq. Jur. (4th ed.) § 910.*

The delay in instituting the action, following the discovery of the fraud by respondents, does not disentitle them to equitable relief. When they learned that the payments in question had not reached the mortgagee, appellant maintained that he was the duly authorized agent of the mortgagee for the collection of the moneys, and until the disputed question of his authority was litigated they were not obliged to institute action against appellant. This delay was likewise occasioned by appellant's fraudulent conduct, and to permit him to have an advantage thereby would be unconscionable.

Order affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.