This is a suit to enjoin defendant from relying upon the statute of limitations pleaded by him in an action pending in the supreme court for personal injuries sustained in an automobile accident. The substituted complainant urges as ground for the injunction that her intestate (original complainant here and plaintiff in the law court) was unable to bring his action within two years after the accident because he was ignorant of the identity of the person driving the automobile which struck him and that this ignorance was the *Page 447 
designed result of the fraudulent conduct of defendant. The facts established by the proofs are these:
On April 1st, 1929, Teffeau was driving his automobile in East Rutherford when his car struck or came into contact with Noel. Teffeau did not stop his car and his wife, who was seated beside him, exclaimed, "aren't you going to stop?" He replied that he had not hit the man, that the man staggered because he was drunk. The next morning he commanded his wife and his young daughter, who had also been in the car, to say nothing of the occurrence to anyone That evening he read in the paper that one Benjamin Noel had been struck by a "hit and run driver" at the spot where he had seen the man stagger away from the front mudguard. The following morning, he went to the office of his insurance carrier, reported the accident and said he was not sure whether he had knocked the man down or not. The insurance company immediately sent two of its men to the hospital where Noel had been taken after the accident and obtained from him a written statement that he did not know who had hit him, or the license number or kind of car, and that he could not possibly recognize the car or the driver if he should see either again. The insurance company investigators who took this statement did not tell Noel their names, the name of their company or the name of their assured. They left him as ignorant as he was before. Another insurance man went with Teffeau to the police station where he said he had come to inquire about an accident of which he had read in the newspaper. He remarked that he saw a man stagger to the curb and thought no more about it. The police took his name and address and made a note of his call in the blotter. The insurance investigators did not take a written statement from Teffeau, they did not interview his wife or daughter or two other women who had been in his car at the time of the accident; they evidently acted on the theory that it is best to let sleeping dogs lie, and hoped that Noel would never hear of Teffeau. Two years passed with Noel still ignorant of who had caused the injury. Then he went to a lawyer experienced in negligence cases. The lawyer discovered the *Page 448 
entry in the blotter and guessed that the man who had come to inquire about the accident was the man who had caused it. Meanwhile, Teffeau and his wife had separated and feeling between them had become most bitter. An employe of the insurance company who had had charge of the so-called investigation, had been discharged. Noel's attorney, by a lucky chance, found these two sources of information and so the whole story came out.
The rules which govern cases of this character were stated by Vice-Chancellor Leaming in Howard v. West Jersey and SeashoreRailway Co., 102 N.J. Eq. 517. "If defendant's wrongful conduct can be said to have caused complainants to subject their claim to the bar of the statute of limitations, a court of equity should not permit them to hold the advantage thus obtained." Again, he said that the benefit of the statute "may be lost by conduct invoking the established principles of estoppel in pais.Freeman v. Conover, 95 N.J. Law 89. Also it should be noted that while the doctrine of estoppel in pais rests upon the ground of fraud, it is not essential that the representations or conduct giving rise to its applications, should be fraudulent in the strictly legal significance of that term or with intent to mislead or deceive; the test appears to be whether in all the circumstances of the case conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct; * * * fraud, in the sense of a court of equity, properly including all acts, omissions and concealments which involve a breach of legal or equitable duty, trust, or confidence, justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another."
The question is whether any of defendant's acts or omissions involved a breach of legal or equitable duty to Noel. Defendant was not obligated to tell Noel at the hospital his name or his connection with the accident. Nothing he did or failed to do, taken by itself, constituted a breach of any duty to Noel except perhaps one omission immediately after the accident. The Motor Vehicle act, section 14 (4) (Cum. *Page 449 Supp. Comp. Stat. p. 1993, as amended P.L. 1926 p. 254), enacts:
"Every person operating a motor vehicle who shall knowingly be involved in an accident, shall at once stop and ascertain the extent of the injury and render such assistance as may be needed, and give his name, address and operator's license and registered number to the person injured, or to any officer or witness of the injury. Any person who shall violate this provision shall be fined not less than $5 nor more than $100 for the first offense, and for any subsequent offense, not less than $100 nor more than $200."
Teffeau was knowingly involved in the accident. Despite his testimony in this cause, "to the best of my knowledge my car did not hit him," and his statement to the insurance agent that he was not sure whether he had knocked the man down or not, and his denial to his wife immediately after the accident, I am satisfied that he believed he had hit Noel and that at most there was a faint hope in him that he had not. There is a presumption that the driver of a car which strikes a pedestrian, knows of it. If he had felt himself clear, he would have stopped when his wife suggested it; he would not have enjoined silence; he would not have kept silent himself, as he did.
Counsel for defendant argues that a private cause of action cannot be directly based on a penal statute and that this rule grows from the doctrine that the statute creates a duty only to the state or the public at large. Evers v. Davis,86 N.J. Law 196, and numerous later cases hold that a suit for damages cannot be maintained on a penal statute. These decisions follow Dean Thayer's study in 27 Harvard Law Review 317. But such a statute does establish a standard of conduct to which the "ordinary prudent man," the defendant in the common law action, must conform and from which he departs at his peril. The plaintiff in an action of negligence obtains the benefit of the statute if he be one of the class for whose protection it was enacted. The section of the Motor Vehicle act under consideration was clearly enacted for the benefit of every person injured in an automobile accident, to secure him immediate assistance, to give him knowledge *Page 450 
of the name and address of the operator of the car in order that he might know whom to sue in case of liability. A standard of good faith and conscientious conduct is established. Teffeau owed a duty to Noel to stop and to give his name and address. His breach of his duty, coupled with his subsequent silence, had the result which Teffeau intended, that Noel did not know who hit him.
Defendant also argues that suit, when it was finally brought, was based solely on information in the police blotter; that this information was available to Noel at all times after April 3d 1929, and hence that the delay in bringing suit was due to Noel's own neglect to take advantage of an available source of information. To state the defense somewhat differently, he urges that Noel should have been clever enough to escape the trap laid by defendant. This argument scarcely needs serious consideration. Teffeau could undo the wrong only by giving to Noel personally his name and address as required by the statute.
It would be unconscionable to allow defendant to urge the bar of the statute of limitations and therefore an injunction will issue.