Complainant prays that defendant be enjoined from relying upon the statute of limitations in a pending law action. Defendant, a surgeon, operated upon complainant in April, 1927. The next morning, complainant heard him ask the nurse what had become of the drain tube or tissue which had been in the wound during the operation. She replied that she had not seen it. They immediately searched for it without success and finally the nurse said it must have gone with the bed linen. Seven years later, another surgeon found the tissue in complainant's neck. She then sued defendant for damages arising from the defendant's negligence in leaving the drainage tissue within the wound. Defendant pleaded the bar of the statute of limitations.
A court of equity will enjoin a defendant from relying upon the statute when the defendant's own fraudulent conduct has caused the complainant to delay bringing suit and thus subjecting her claim to the bar of the statute. Howard *Page 100 
v. West Jersey and Seashore Railroad Co., 102 N.J. Eq. 517;104 N.J. Eq. 201; Partrick v. Groves, 115 N.J. Eq. 208; Noel v.Teffeau, 116 N.J. Eq. 446. This equitable jurisdiction rests on the maxim that no man shall be permitted to take advantage of his own wrong. "It is an indispensible requisite, where a plaintiff in a suit at law applies to a court of equity to restrain the defendant from pleading the statute of limitations, that it shall be made clearly to appear that he was prevented, by the act of the defendant, from bringing his action at law until his right of action was barred by the statute." Lamb v. Martin, 43 N.J. Eq. 34.
In the instant case, defendant, until the tissue was eventually discovered in 1934, was as ignorant as complainant that it had been left in the wound. His colloquy with the nurse emphasized by complainant, does not indicate otherwise. He did nothing whatever to delay complainant from bringing the action against him. That the delay was caused by her ignorance of the existence of the cause of action is not a ground for equitable relief. Hardship caused by the statute may move the legislature to amend, but in the absence of inequitable conduct on the part of defendant, it cannot be the basis for an injunction. The bill will be dismissed.