The complainant herein in March, 1945, began an action in the Circuit Court against the defendant for damages arising out of an accident caused by the alleged negligence of the defendant's servants. Since the accident had occurred nearly three years earlier, April 25th, 1942, the defendant pleaded the statute of limitations. Mrs. Hawkins thereupon came into Chancery for an injunction forbidding the defendant to rely on the statute. The facts are not in dispute.
Two representatives of the defendant, first Mr. Schnable, and later Mr. Whalen, made numerous calls on complainant during the year and a half following the accident in an effort to effect a settlement of her claim. The defendant several times offered $1,300, but during the first year, Mrs. Hawkins was reluctant to agree on any figure because she feared that her eyesight had become impaired as a result of the accident *Page 184 
but she could not yet be sure. In May, 1943, Whalen suggested that she have her eye examined by a certain occulist in whom the defendant had confidence. She did not, however, see the occulist. On September 2d, Whalen made his next and last call. He repeated the offer of $1,300; Mrs. Hawkins asked $1,500. Whalen said that he would report this to his superior and would call on her again, but that he, Whalen, was about to leave for his vacation and Mrs. Hawkins would have to wait for an answer until he got back. According to Whalen's recollection, he said he would see her about October 1st. Whalen did not return because the assistant general claim agent who had charge of the matter, considered that enough time had been spent in the effort to settle — Whalen had made ten calls on Mrs. Hawkins — and that the offer of $1,300 was as far as the defendant should go.
Complainant, ignorant of the statute of limitations, allowed to pass without action the date on which her cause of action was barred, April 25th, 1944. In July, she telephoned the defendant and was told her claim was outlawed. She promptly consulted an attorney who advised her that this was so. Later, she engaged other counsel and began her action eight months after she had been informed by the defendant that her cause of action was barred by the statute.
Equity interferes with the operation of the statute of limitations on broad grounds of waiver or estoppel, where the natural and reasonably anticipated effect of the representations or conduct of the defendant has been the failure of the plaintiff to institute his action within the period specified by the statute. Howard v. West Jersey, c., Co., 102 N.J. Eq. 517;104 N.J. Eq. 201; Partrick v. Groves, 115 N.J. Eq. 208; Noel
v. Teffeau, 116 N.J. Eq. 446; Russell v. Hanan, 119 N.J. Eq. 99; Teas v. Third National Bank and Trust Co., 125 N.J. Eq. 224.
Defendant was under no duty to complainant to call her attention to the statute of limitations. Most laymen are aware that it is the law that a claim will be barred or outlawed if no suit be brought within a certain time, although they are often ignorant as to the length of the period. The defendant had no reason to surmise that complainant was *Page 185 
unaware of such a law. The negotiations between the parties do not in any way prejudice defendant's case. Public policy strongly favors the amicable settlement of disputes, and efforts to that end do not jeopardize the rights of either party. The case narrows down to Whalen's promise to return and his failure to do so. These circumstances operated as a waiver or estoppel but only to a limited extent; they excused Mrs. Hawkins from taking action for a reasonable time after September 2d, or after October 1st, if that date was mentioned. I take it that if the statute had run in September and complainant had begun her suit in October, equity would not permit the statute to be pleaded. But the statutory period did not expire until April 25th, 1944, half a year later. Mrs. Hawkins' failure to act within that time was not the natural consequence of what Whalen said, or anything that the defendant did, or wrongfully omitted to do. The defendant could not have anticipated such a prolonged delay. The complainant's plight results from her own ignorance of the law and from her negligence, especially her failure to consult counsel. The defendant is not at fault. The bill will be dismissed.