S. W. MORRIS, Plaintiff in Error,

v.

Paul WISE, Defendant in Error.

No. 36617.

Supreme Court of Oklahoma.

Oct. 18, 1955.

Rehearing Denied Feb. 21, 1956.

548

Paul Pugh, Francis G. Morgan, Oklahoma City, for plaintiff in error.

Grigsby, Foliart & Hunt, Oklahoma City, for defendant in error.

CORN, Justice.

Plaintiff, S. W. Morris, brought this action against defendants, Paul Wise and Albert General McFarland, to recover damages for personal injuries received in an automobile collision. Plaintiff's petition, filed August 20, 1953, alleged that on June 25, 1950, the plaintiff, while driving his own automobile, was struck by a motor vehicle driven by defendants at the intersection of Tinker Field Road and Northeast 10th street in Oklahoma County. The petition further alleged:

"Plaintiff further alleges that immediately after the accident each defendant accused the other of being the driver of the vehicle in which they were riding; that each defendant has asserted, sworn and represented that the other was the driver of said car; that the plaintiff has actively endeavored to ascertain who was the driver; that he and his attorneys have taken the statement of the defendant Albert General McFarland, who asserted therein that the defendant Paul Wise, was the driver; that the plaintiff has taken the deposition of Paul Wise, in which deposition said defendant swore under oath that the defendant Albert General McFarland was the driver of the automobile; that plaintiff and his attorneys have talked in person, and by telephone to numerous parties in Shawnee, Oklahoma City and Houston, Texas, in an effort to ascertain who was the driver, and who was fraudulently withholding information as to the driver who caused his damage; that the plaintiff was without money or funds to further investigate or determine who was responsible for said damage; that the defendants have used all means possible to prevent plaintiff and others from discovering who was responsible for said accident, and plaintiff's resulting injuries.

"It is further alleged that an original action was started in the United States District Court sitting at Houston, Texas, wherein the parties to said action were the same as the parties to this action; that said cause was No. 6470 of said United States District Court; that this action was timely filed well within the Statute of Limitations, and grew out of the same cause as this action but was dismissed on May 4, 1953; that within a year's time, as required by the Statutes of the State of Oklahoma, this action was refiled in this Court.

"Plaintiff further alleges that on September 2, 1952, the defendant, Paul Wise, failed and neglected to appear for the taking of deposition at Houston, Texas, which deposition had been agreed to by his attorneys at that time, Baker, Botts, Andrew and Parish, of Houston, Texas; that if said defendant, Paul Wise, had appeared at the deposition, it would have been known at that time that he was a resident of the State of Oklahoma, and the plaintiff could have refiled his petition in this State well within the Statute of Limitations; and that said action on the part of the defendant, Paul Wise, was calculated to, and did lull this plaintiff into a false sense of security, and by said action the defendants are estopped from asserting and relying upon the Statute of Limitations as a defense."

Defendant Wise filed his separate demurrer to the petition, upon the ground the action was barred by the applicable statute of limitations, 12 O.S.1951 § 95(3). The trial court sustained the demurrer and

dismissed plaintiff's action, from which order and judgment plaintiff has appealed.

Plaintiff urges two propositions as grounds for reversal of this judgment. The first contention is that, because defendant Wise denied having been the driver of the vehicle, the true facts were concealed from plaintiff, and the statute of limitations did not run against the cause of action. Plaintiff cites and relies upon our holdings in Waugh v. Guthrie Gas, Light, Fuel & Improvement Co., 37 Okl. 239, 131 P. 174, L.R.A.1917B, 1253; Liberty Nat. Bank of Weatherford v. Lewis, 172 Okl. 103, 44 P.2d 127; Kansas City Life Ins. Co. v. Nipper, 174 Okl. 634, 51 P.2d 741; Loyal Protective Ins. Co. v. Shoemaker, 178 Okl. 612, 63 P.2d 960, and other cases to the same general effect.

The correct rule is that announced in the Waugh case, supra, wherein the first and second syllabi state:

"An action for damages for personal injuries, being an action for injury to the rights of a person, not arising on contract, is governed by the third subdivision of section 5550, Comp.Laws 1909, and must be brought within two years after the cause of action shall have accrued.

"Fraudulent concealment constitutes an implied exception to the statute of limitations, and a party who wrongfully conceals material facts, and thereby prevents a discovery of his wrong, or the fact that a cause of action has accrued against him, is not allowed to take advantage of his own wrong by pleading the statute, the purpose of which is to prevent wrong and fraud."

The allegations of the petition, examined in the light of the question herein at issue, were as follows: (1) Immediately following the accident the occupants of defendant's automobile, defendants herein, each accused the other of being the driver thereof; (2) plaintiff's investigation as to which party actually was the driver was unavailing; (3) plaintiff took the statement of defendant McFarland, who asserted the defendant Wise was the driver; (4) the deposition of defendant Wise, taken under oath, disclosed the defendant McFarland actually was the driver; (5) plaintiff instituted suit in the United States District Court in Houston, Texas, wherein it was alleged "the parties to said action were the same as the parties to this action well" within the statute of limitations; (6) that the Federal Court action was dismissed May 4, 1953.

This dismissal clearly was after expiration of the statute of limitations. The petition does not so allege but, upon the basis of statements in plaintiff's brief, it must be inferred that such dismissal resulted from the answer filed by defendant Wise in that action, which disclosed his residence in the State of Oklahoma, absence of diversity of citizenship and corresponding lack of jurisdiction in the United States District Court of Texas.

As noted heretofore, the petition alleged that plaintiff took both McFarland's statement and the deposition of defendant Wise. In this manner plaintiff knew the residence of each defendant, and it was unnecessary to take defendant Wise's deposition in the state of Texas to determine this fact. Knowing Wise's address plaintiff knew, or should have known, this defendant was a resident of Oklahoma, so that any attempted Federal Court suit in the state of Texas would fail for lack of jurisdiction. Plaintiff, at all times, could have brought the same action against the defendant Wise in an Oklahoma Court having jurisdiction of the cause he finally sought to bring in Texas and now seeks to maintain in this state.

Had the petition alleged defendant Wise fraudulently concealed his true residence, by falsely claiming residence in Texas, when in truth and fact a resident of Oklahoma; that such fraudulent statements induced plaintiff to institute suit in Texas, in reliance thereon; and that defendant Wise so fraudulently concealed his true residence until the statute of limitations had run, such facts might have alleged fraudulent concealment sufficient to toll the statute of limitations. Such allegations do not appear in the petition herein.

Plaintiff sets out 47 O.S.1951 § 121.2(d) which provides:

"The driver of any vehicle involved in an accident shall give his correct name and address, and the registration number of the vehicle he is driving; and shall exhibit his operator's or chauffeur's license to the person struck, or the driver, or occupant of, or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance. If the driver does not have an operator's or chauffeur's license in his possession he shall exhibit other valid evidence of identification to the occupants of a vehicle, or to the person collided with."

Plaintiff insists that everything possible was done to obtain knowledge as to who was the driver of the vehicle involved, and that failure of plaintiff's efforts resulted from defendant's failure to comply with the statutory requirements. Supporting such argument plaintiff points to the holding of the New Jersey Court in Noel v. Teffeau, 116 N.J.Eq. 446, 174 A. 145. This portion of plaintiff's argument is disposed of by the discussion of that decision in the succeeding paragraph.

Plaintiff relies upon Kansas City Life Ins. Co. v. Nipper, supra; Noel v. Teffeau, supra, as supporting the argument that defendant Wise's conduct was sufficient to toll the statute of limitations. The cases, relied upon by plaintiff, clearly are distinguishable, and are not authority for the argument urged herein. In the Nipper case, supra, we held that the statute of limitations, 12 O.S.1951 § 95(3), was not tolled by failure of the agent of an insurance company to notify the plaintiff that the insurance contract contained a double indemnity clause. Further, that decision clearly points out that a duty rested upon the plaintiff (beneficiary) to make inquiry and examination of the policy of insurance.

The fact situation in Noel v. Teffeau, supra, relied upon by plaintiff, is so dissimilar to that revealed in the present case as to destroy what persuasiveness the pronouncement from another state might have.

The result reached in that case, wherein the New Jersey Court construed a statute very similar to section 121.2(d), above quoted, can have no application herein for the reasons mentioned.

■ However, it is further urged, in view of the statute, supra, plaintiff stated a cause of action under facts alleged in his petition. We are of the opinion plaintiff's position is untenable. The accident out of which this action arose was reported, although each defendant denied having been the driver of the automobile. Although such denial was immediate there was no concealment of the cause of action. There was nothing necessary to establish a cause of action that could have been discovered later except who was the driver of the vehicle involved. Plaintiff should have brought his action, containing the same allegations, within the required two year period. The trial court correctly held that the conduct of defendant Wise did not prevent the running of the statute of limitations, 12 O.S.1951 § 95(3).

The second contention is that because plaintiff filed an action in the United States District Court (Houston, Texas) within the statutory period, and dismissed such action May 4, 1953, under the provisions of 12 O.S.1951 § 100, he had one year from the date of such dismissal to file a further action. This contention is without substantial merit.

■ We adhere to the rule that the provisions of this section accrue only to actions filed within the State of Oklahoma. In Herron v. Miller, 96 Okl. 59, 220 P. 36, a similar contention was considered. The syllabus in that case states:

"Section 190, Comp.St.1921, providing that, where an action which has been commenced within due time fails otherwise than on its merits, a new action may be commenced within one year after such failure, refers to actions which have been commenced within this state within due time, and have failed otherwise than upon the merits; but the statute has no application to actions which have been commenced within other states and

have failed otherwise than upon the merits."

The filing of this action in the United States District Court in Texas did not authorize the filing of another action in this state within one year period following the dismissal.

Judgment affirmed.

WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

JOHNSON, C. J., dissents.