167 N.J. Super. 532 (1979)
401 A.2d 288
ANNA BROWN, PLAINTIFF,
v.
COLLEGE OF MEDICINE AND DENTISTRY OF NEW JERSEY AND TEAMSTERS LOCAL 286, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 21, 1979.
*533 Ms. Marianne B. Nelson for plaintiff (Messrs. Ball, Hayden, Kiernan, Livingston & Nelson, attorneys).
Mr. Sheldon A. Siegel for defendants (Messrs. Goldberger, Siegel & Finn, attorneys).
MARZULLI, J.S.C.
Plaintiff Anna Brown has instituted this action against Teamsters Local #286 (union), the exclusive bargaining agent for hospital employees at the Martland Medical Center. She seeks damages arising out of what she alleges is a breach of the union's duty to fairly represent her. See Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), where the United States Supreme Court held that a breach of such duty occurs when a union's conduct toward a member of a collective bargaining unit is arbitrary, discriminatory or in bad faith.
*534 Plaintiff was terminated from her position as a nurse's aide on August 26, 1974. She claims the union failed to process her grievance when asked to do so. Although her membership in the union was disputed at trial, the union owes the same duty to all members of the bargaining unit, regardless of union membership. N.J. Turnpike Employees' Union v. N.J. Turnpike Auth., 123 N.J. Super. 461 (App. Div. 1973).
At the end of plaintiff's case defendant moved for an involuntary dismissal, arguing that N.J.S.A. 2A:14-2, New Jersey's two-year statute of limitations, barred plaintiff's action. That statute provides:
Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued.
On the other hand, plaintiff contends that N.J.S.A. 2A:14-1 is the applicable statute. That statute provides that:
Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued.
The characterization of a suit involving the breach of a union's duty of fair representation has divided the federal circuits. Several circuits have held a breach of fair representation action, even when coupled with a breach of contract action against an employer, is a tort action, notwithstanding the fact that such disparate characterization could result in a longer period of vulnerability for the employer than for the union because of a longer limitations period for contract *535 actions. See Sanderson v. Ford Motor Co., 483 F.2d 102, 114 (5 Cir.1973); De Arroyo v. Sindicato de Trabajadores Packing House, A.F.L. - C.I.O., 425 F.2d 281, 286-287 (1 Cir.1970), cert. den. 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970). The rule is to the contrary, however, in the Second Circuit. See Abrams v. Carrier Corp., 434 F.2d 1234 (2 Cir.1970), cert. den. 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed. 2d 545 (1971). The Second Circuit's conclusion is premised on the notion that actions against employer and union ought to be of the same duration. When faced with a shorter limitations period for tort actions than for suits based on contracts, the Second Circuit reasons that it is more equitable to apply the contract limitations period because the member's claims against both his employer and union are "intimately related." Id. at 1252.
The arguments advanced in support of both rules, while intriguing, are not relevant to this suit. This court is not faced with the problem of determining which rule to apply. Under New Jersey law the applicable statute of limitations is determined by reference to N.J.S.A. 2A:14-1. That statute applies to "every action at law * * * for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3."
N.J.S.A. 2A:14-3 applies to suits for libel and slander. N.J.S.A. 2A:14-2 is also inapplicable, since it relates to suits "at law for an injury to the person." This statute applies to suits involving a wide variety of physical and mental injuries, regardless of whether they arose out of a contractual obligation or from some tortious conduct. Heavner v. Uniroyal, Inc., 118 N.J. Super. 116 (App. Div. 1972). This is so because it is the nature of the injuries, not the theory of recovery, which is controlling. Atlantic City Hospital v. Finkle, 110 N.J. Super. 435 (Law Div. 1970).
In contrast, plaintiff in the present suit is not seeking damages for "an injury to her person." Rather, what she seeks are damages to compensate her for her wage loss. That loss, although allegedly tortiously sustained, fits squarely within *536 the provision of N.J.S.A. 2A:14-1 which governs actions "for any tortious injury to the rights of another." The injury in this case is an injury to her "right" to be employed. Redress is sought not for personal injuries, but for lost wages sustained as the result of her alleged unlawful discharge.
Although there are few reported New Jersey decisions interpreting the phrase "tortious injury to the rights of another," Judge Lacey reached the same result in our Federal District Court when confronted with the same issue. See Tuma v. American Can Co., 367 F. Supp. 1178 (D. Ct. N.J. 1973). He characterized an injury resulting from a union's breach of its duty of representation as "a tortious injury to the rights of another" and thus within the six-year limitation period of N.J.S.A. 2A:14-1. Tuma at 1185. The case of Longo v. Reilly, 35 N.J. Super. 405 (App. Div. 1955), lends further support for the conclusion that the limitations period of N.J.S.A. 2A:14-1 should apply to the present action. Longo involved a suit brought by a union official who claimed that his opponent in a union election had fraudulently altered ballots. The court applied the six-year limitation set out in N.J.S.A. 2A:14-1, reasoning that the alleged injury was a "tortious injury to the rights of another," as opposed to "an injury to the person."
This court, therefore, concludes that the suit was timely filed according to the six-year limitations period set out in N.J.S.A. 2A:14-1.
Assuming, arguendo, the limitations period of N.J.S.A. 2A:14-2 was controlling, plaintiff's action still might not be barred. The New Jersey cases are clear that the "discovery rule" applies to toll the statute of limitations during the time preceding the period when the injured party discovers or could have discovered that he may have the basis for a valid claim. See Burd v. N.J. Telephone Co., 76 N.J. 284 (1978); Lopez v. Swyer, 62 N.J. 267 (1973). Applying the discovery rule to this case, although the plaintiff was discharged more than two years before filing her lawsuit *537 against the union, plaintiff has testified she was advised by the union that her grievance was pending. If the trier of fact determines plaintiff's allegations to be true, her cause of action would not arise until she knew or should have known that the union was not processing her grievance. It was not until that date that her cause of action accrued. Since the trier of fact could find her suit was filed within two years of that date, plaintiff's suit would not be barred.
Motion for dismissal at the end of the plaintiff's case denied.