174 N.J. Super. 175 (1980)
415 A.2d 1208
INTERLOX PUNCH & DIE CORP., A DELAWARE CORPORATION, AND DAVEA, INC., A NEW JERSEY CORPORATION, WILLIAM WALLIS, INDIVIDUALLY, PLAINTIFFS,
v.
INSILCO CORP., A CONNECTICUT CORPORATION, DURAND B. BLATZ, ANTHONY J. MAINELLA, GEORGE PETERSON, INDIVIDUALLY, DEFENDANTS.
Superior Court of New Jersey, Law Division  Morris County.
Decided March 14, 1980.
John N. Post for plaintiffs (Irwin and Post, attorneys; Deborah S. Barcham on the brief).
*176 Charles Rusen, Jr. for defendants (Collins, Toner and Rusen, attorneys).
MUIR, A.J.S.C.
In this action plaintiffs, alleging fraudulent security sales, seek recovery under the civil liabilities section of the New Jersey Uniform Securities Act, N.J.S.A. 49:3-71. Defendants move for summary judgment, contending the claim is barred by the act's two-year statute of limitation. Recognizing the alleged actionable grounds relate to a contract four years old on the filing date of the complaint, plaintiffs assert the act's limitation provision was tolled pending discovery of the cause of action. There are no reported New Jersey court decisions extending the discovery concept to actions for special damages established under this section of the Securities Law.
The fraud is alleged to have arisen out of a contract dated March 27, 1975. The suit was instituted June 14, 1979.
The statutory language circumscribing the special remedy states: "No person may sue ... more than 2 years after the contract of sale." N.J.S.A. 49:3-71(e).
The language is clear. It does not suggest a tolling until the claimant discovers or could discover the fraud through the exercise of reasonable diligence.
Plaintiffs, however, assert that such was the legislative intent because the discovery rule is applicable in common law fraud actions. Partrick v. Groves, 115 N.J. Eq. 208, 211 (E. & A. 1933). The discovery concept in such actions finds its genesis in the judicial defining of the phrase "accrual of the cause of action" embodied in our general statute of limitations. N.J.S.A. 2A:14 1; "Developments in The Law Statute of Limitations," 63 Harv.L.Rev., 1177, 1217 (1950). That defining has determined a cause of action accrues when the fraud is discovered or should have been discovered.
The Legislature was certainly aware of this well-established judicial construction. Had it intended the incorporation *177 of the discovery rule, it could have utilized the accrual language. Since it did not, incorporation of the discovery concept would be judicial legislation. The plain language of the statute must be followed.
Additionally, the civil liabilities prescribed under the statute are a special remedy. It does not supplant the common law cause of action for fraud, although it may to some degree overlap it. The special damages have special time parameters which if not met leave a claimant to the common law action.
Plaintiffs also rely on a body of federal decisional law that applies the discovery doctrine to fraudulent securities actions under the Federal Securities Law, 15 U.S.C.A. § 78j (§ 10 of Securities and Exchange Act of 1934 and Rule 10b 5 thereunder). Brick v. Dominion Mtg. and Realty Trust, 442 F. Supp. 283 (W.D.N.Y. 1977); Fox v. Kane-Miller Corp., 398 F. Supp. 609 (D.Md. 1975).
The federal "Blue Sky Law" provides no statute of limitations. The courts, therefore, look to the state law to furnish the period of limitation, when the state and federal laws are substantially comparable, but utilize federal policy on commencement of it. Vanderboom v. Sexton, 422 F.2d 1233, 1239 (8 Cir.1970) cert. den. 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970), and cases cited above. Federal policy promotes a longer, not shorter, statute of limitations, and so the discovery rule is applied. United California Bank v. Salik, 481 F.2d 1012, 1015 (9 Cir.1975), cert. den., 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1974). In doing so, recognition is given to the congressional directive that "Section 10(b) must be read flexibly, not technically and restrictively." 15 U.S.C.A. 78j.
The federal policy cannot, however, supersede the clear and unambiguous language of this New Jersey statute in a New Jersey court. The discovery rule is, therefore, found unavailable in this action under N.J.S.A. 49:3-71.
Summary judgment is accordingly granted.