575 A.2d 80

ANTHONY J. PETRUZZI, ELAINE FLASTER, AND VINCENT A. FUSCO, PLAINTIFFS, v. BARRETT KOBRIN, ARDEN BROWN, LARRY ZULIANI AND ARMAND DE ANGELIS, DEFENDANTS.

Superior Court of New Jersey
Law Division Middlesex County

Decided August 22, 1989.

*George L. Mahr* for plaintiffs.

*Trent S. Dickey* for defendants (*Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Cross,* attorneys).

BACHMAN, J.S.C.

This is a securities fraud action. Plaintiff's second amended complaint contains 21 separate counts alleging various acts of fraud and securities violations against four individual defendants and a securities firm. Defendant Kobrin moves to dismiss the complaints against him. Defendant's motion is made under *R.* 4:6–4 and *R.* 4:5–4, based on plaintiff's failure to plead with specificity, and the fact that certain of the claims were barred by applicable statutes of limitation. A hearing was held before this court on June 23, 1989. Reviewing the complaint count by count, this court rendered an oral opinion that only certain counts of the complaint were to remain. However, as to those counts remaining after that decision, the court reserved decision on the issue of whether there was a statute of limitations affirmative defense available where control-person liability had been pleaded. The court now addresses the statute of limitations application to those remaining counts alleging defendant's liability as a control-person.

The amended complaint alleges that Kobrin, as a control-person, directly or indirectly, is liable for the alleged fraudulent acts of his employees. Defendant argues that the control-person liability is barred by *N.J.S.A.* 49:3–71. This statutory remedy creates a civil cause of action for control-person liability in fraudulent stock sales. As enacted originally, this section read in applicable part: "(e) No person may sue under this section more than two years after sale." *N.J.S.A.* 49:3–71(e). This section was amended, effective April 9, 1986, to read as follows: "(e) no person may sue.... more than two years after sale, or within two years of the time when the person aggrieved knew or should have known of the existence of his cause of action, whichever is later."

Plaintiff's last transaction with defendant's employees took place no later than July 30, 1984. This complaint was filed on February 9, 1987, two years, six months and nine days later. This cause of action would be barred by the statute of limita-

tions in *N.J.S.A.* 49:3-71(e) as originally written. However, as amended, *N.J.S.A.* 49:3-71(e) contains language which measures the time within which to file an action from the time it was known or reasonably could be known, the so-called discovery rule. This amendment occurred before plaintiff's time to file under the original time period had run.

The discovery rule provides that a cause of action accrues when an injury becomes known or should have become known. *Mancuso v. Mancuso,* 209 *N.J.Super.* 51, 506 *A.*2d 1253 (App. Div.1986). This doctrine has been extended beyond its initial use in the medical malpractice field. *Id.* at 57, 506 *A.*2d 1253. However, the securities fraud act section on limitations as originally written did not allow for a tolling until discovery. *Interlox Punch & Die v. Insilco,* 174 *N.J.Super.* 175, 415 *A.*2d 1208 (Law Div.1980). The court found that the Legislature was aware of the discovery concept but did not include the tolling language, and since the statute's plain language was clear and unambiguous, no discovery rule could be implied. *Id.* at 176-177, 415 *A.*2d 1208. Perhaps, in response to this, this provision was amended to include the present accrual of cause of action language. As stated earlier, this amended section became effective on April 9, 1986. *N.J.S.A.* 49:3-48 (see committee statement). Although defendant states that plaintiff's complaint was filed prior to the effective date, this is not so. The February 9, 1987 complaint was filed approximately ten months after the revision became effective. Thus, the timeliness of this filing is measured as of when a cause of action became known or should have become known to plaintiff. *N.J.S.A.* 49:3-71(e).

The record clearly shows that, although plaintiff ceased dealing with defendant on or around July 30, 1984, it was not until later conversations with ex-employees and the review of depositions taken in the State's investigation of this defendant's securities business that the allegedly fraudulent practices became known to plaintiff. The conversations and certifications referred to above became known to plaintiff in or around the

summer of 1985, one and one-half years before the filing of plaintiff's complaint. Defendant's contention that the wrong complained of by plaintiff ended in 1984 is true. However, plaintiff alleges that he did not discover that fraud caused his loss until, through his own inquiries and inquiries made by others, heretofore hidden practices were revealed to him in the summer of 1985.

An appropriate analogy exists in the medical context, where the discovery rule first was employed. Much like a patient who knows when an operation occurred, plaintiff knew of his losses in dealing with the defendant; however, like the patient who, through newly discovered evidence, becomes aware that the procedure was wrongly performed, plaintiff herein did not and could not know his injury was attributable to the fault of another until he discovered evidence of this wrongdoing. *See Lopez v. Swyer*, 62 *N.J.* 267, 275, 300 *A.*2d 563 (1973). Plaintiff's affidavits show that the alleged fraudulent policies and practices of the firm's back offices could not have been known to him until revealed by ex-employees.

The determination at hand is properly made by a judge and ordinarily should be made at a preliminary hearing. *Lopez v. Swyer, supra.* While the issue generally will not be resolved on affidavits or depositions when credibility is significant, this is for the judge to decide. *Id.* at 275, 300 *A.*2d 563. Credibility has not been placed in issue here, and this case is one that may be decided on the affidavits presented. The burden of proof rests upon the party claiming its indulgence; determinative factors for analysis may include the nature of the injury, availability of evidence and witnesses, time elapsed since the wrongdoing, prejudice to defendant, and whether the delay has been in any way intentional or deliberate. *Id.* at 276, 300 *A.*2d 563.

The injury in this case, stock losses, is of such a nature that the losses would not necessarily be indicia in and of themselves of fraud or wrongdoing. It is apparent that the practices were

revealed to plaintiff only after employees left defendant's business during the course of a state criminal investigation. Plaintiff acted promptly and reasonably under these circumstances in filing his complaint after gathering the information. Defendant claims no prejudice nor is that an issue with respect to availability of witnesses, evidence, or any other aspect of defendant's defense to the suit.

There is no issue of credibility involved and plaintiff has met its burden of proof to show he is equitably entitled to the benefit of the discovery language of the rule. *Id.* at 275, 300 A.2d 563. In view of the above facts, taken together with the statutory language applicable at the time the complaint was filed, the action was timely instituted. *N.J.S.A.* 49:3–71(e).

It is the decision of this court that counts one through ten, twelve, fourteen through sixteen, and eighteen through twenty, insofar as they involve control-person liability as to DeAngelis, are not barred by *N.J.S.A.* 49:3–71(e).

---

575 A.2d 82
STATE OF NEW JERSEY, PLAINTIFF, v. M.Z., DEFENDANT.

Superior Court of New Jersey
Law Division Monmouth County

Decided March 15, 1990.